UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PARNELL CONSULTANTS,
INCORPORATED                                                                                               PLAINTIFF

v.                                           No. 2:21-CV-02173

CENTERPOINT ENERGY
RESOURCES CORP. and
CENTERPOINT ENERGY SERVICE
COMPANY, LLC                                                                                               DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiff Parnell Consultants, Incorporated's ("Parnell Consultants") motion (Doc. 16) for partial judgment on the pleadings and brief in support (Doc. 17). Defendants CenterPoint Energy Resources Corp. ("CenterPoint Resources") and CenterPoint Energy Service Company, LLC ("CenterPoint Service") (collectively "CenterPoint") filed a response (Doc. 21) in opposition. Parnell Consultants filed a reply (Doc. 24) with leave of Court. For the reasons set forth below, the motion will be denied.

**I.   Background**

Parnell Consultants provides natural gas facility and pipeline inspection services. CenterPoint Resources is a natural gas distribution company that owns and operates natural gas distribution systems and services to customers. CenterPoint Service provides "services to and contracting for the benefit of [CenterPoint Resources'] operations, specifically in regard to natural gas distribution system inspection services." (Doc. 5, p. 2, ¶ 4). Parnell Consultants and CenterPoint had contracted for Parnell Consultants to perform inspection services several times. In 2017 Parnell Consultants and CenterPoint contracted for Parnell Consultants to inspect natural gas distribution systems in Arkansas and Oklahoma (the "2017 Contract"). Parnell Consultants

1

typically was not required to go through CenterPoint's bidding process. CenterPoint extended the 2017 Contract multiple times throughout 2019 and 2020.

In March 2018, CenterPoint filed suit in Mississippi state court (the "Mississippi Lawsuit") against Parnell Consultants and alleged Parnell Consultants failed to inspect, prevent, or correct "damage to a joint of pipe during the 2011-2012 construction of a natural gas transmission pipeline in Madison County, Mississippi." *Id.* at p. 5, ¶ 27. During the Mississippi Lawsuit, Parnell Consultants continued providing inspection services for CenterPoint pursuant to the 2017 Contract. On February 19, 2020, CenterPoint invited Parnell Consultants to "bid for a [new] contract to provide natural gas pipeline inspection services for utility distribution projects in Arkansas and Oklahoma" (the "Arkansas/Oklahoma Contract"). *Id.* at p. 6, ¶ 32. Parnell Consultants submitted its bid for the Arkansas/Oklahoma Contract on February 24, 2020. In March, April, and May of 2020, CenterPoint again extended the 2017 Contract.

On May 20, 2020, John True, CenterPoint's contract services manager, and a Parnell Consultants representative ("PCI") had the following text conversation:

| Sender | Text Message |
| --- | --- |
| John True | Can you please give me a call when you get a chance I just need to find out what your status is on the Louisiana incident and how that's been resolved/addressed. I know you've discussed with Kittinger before but I need an update. |
| PCI | Will do, I should be finished with this meeting in about 15 minutes. |
| PCI | Before I call, I sent a message to our attorney to give me an update on the proceedings and the settlement discussions. |
| John True | No problem, I know Re-bids have been sent out and it will be difficult for us (and very likely impossible) to move forward if it isn't resolved |
| PCI | Understood…thanks! |

(Doc. 5, pp. 7-8, ¶ 43). The "Louisiana incident" referred to the allegations in the Mississippi Lawsuit. Forty-eight hours after the text exchange, Parnell Consultants' counsel in the Mississippi

2

Lawsuit contacted CenterPoint's counsel for settlement purposes. On May 26, 2020, John True texted another Parnell Consultants' representative and urged Parnell Consultants to "continue to work through [its] existing attorneys" regarding the Mississippi Lawsuit. On May 27, 2020, Parnell Consultants submitted a second bid for the Arkansas/Oklahoma Contract. On June 11, 2020, after rounds of negotiations, Parnell Consultants and CenterPoint settled the Mississippi Lawsuit. At 9:00 am on June 15, 2020, CenterPoint informed Parnell Consultants that it would not renew the 2017 Contract to provide natural gas distribution systems inspection services or award Parnell Consultants the Arkansas/Oklahoma Contract. CenterPoint extended the 2017 contract through July 31, 2020, until CenterPoint's new inspection providers could begin.

Parnell Consults filed the instant action in the Circuit Court of Logan County, Arkansas and alleged fraud, breach of contract, and promissory estoppel claims against CenterPoint. CenterPoint removed to this Court on October 19, 2021. Parnell Consultants now moves for partial judgment on the pleadings, arguing that the undisputed facts demonstrate a unilateral contract existed because Parnell Consultants agreed to settle the Mississippi Lawsuit and in exchange CenterPoint would award Parnell Consultants the Arkansas/Oklahoma Contract, and CenterPoint breached the contract by not awarding the Arkansas/Oklahoma Contract to Parnell Consultants. Alternatively, Parnell Consultants argues it has partially established a promissory estoppel claim because CenterPoint promised to award it the Arkansas/Oklahoma Contract if Parnell Consultants settled the Mississippi Lawsuit and Parnell Consults relied on this promise. CenterPoint argues the text message exchange is not sufficient to establish a unilateral contract nor were the messages promissory in nature.

II.    **Legal Standard**

When considering a Rule 12(c) motion for judgment on the pleadings, the Court uses the

same standard as that for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashely Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Judgment on the pleadings is appropriate "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

**III.   Discussion**

    **A.   Unilateral Contract**

"A unilateral contract is one in which [the offeror] thereto makes a promise in exchange for a future act or forbearance on the part of the [offeree], whereas under a bilateral contract wherein mutual promises are exchanged, the contract is binding immediately." *Crawford v. Gen. Cont. Corp.*, 174 F. Supp. 283, 297 (W.D. Ark. 1959) (citations omitted). "Under a unilateral contract neither party is bound until the act or performance on the part of the [offeree] has been completed." *Id.* In other words, the offeree does not accept the offer by express agreement but by his performance. *Aon Risk Servs., Inc. v. Meadors*, 267 S.W.3d 603, 609 (Ark. App. 2007). "There are several instances where unilateral contracts commonly appear, such as where a reward is offered, where a contest is announced, or where changes are made and disseminated in an

employee manual.  *Id.* (citations omitted).  "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it [and a]n offer cannot be accepted so as to form a contract unless the terms are reasonably certain." *Id.* at 610.

Parnell Consultants argues John True's text message where True wrote "it will be difficult for us (and very likely impossible) to move forward if it isn't resolved" is an offer by CenterPoint to award Parnell Consultants the Arkansas/Oklahoma Contract if Parnell Consultants settled the Mississippi Lawsuit.  (Doc. 5, pp. 7-8, § 43).  The Court disagrees.  The text message, at most, creates an ambiguity that cannot be resolved at the current stage of litigation and many questions of fact remain.  Parnell Consultants has not demonstrated a unilateral contract existed such that the Court could rule in its favor at the pleading stage.

### B.      Promissory Estoppel

Parnell Consultants further argues that if the Court finds it has not demonstrated a unilateral contract, Parnell Consultants is entitled to judgment on the pleadings on its promissory estoppel claim.

> To prove promissory estoppel, a plaintiff must show that (1) the defendant made a promise; (2) the defendant should have reasonably expected the plaintiff to act or refrain from acting in reliance on the promise; (3) the plaintiff acted or refrained from acting in reasonable reliance on the promise to its detriment; and (4) injustice can be avoided only by enforcement of the promise.

*Barrows/Thompson, LLC v. HB Ven II, LP*, 599 S.W.3d 637, 648 (Ark. App. 2020) (citation omitted).  "The general rule is that claims of promissory estoppel are questions for the fact finder." *Taylor v. Eagle Ridge Devs., LLC*, 29 S.W.3d 767, 769 (Ark. App. 2000) (citation omitted). "Whether there was actual reliance by [the plaintiff] and whether it was reasonable is also a question for the trial of fact." *Id.* at 770.

Parnell Consultants again points to the John True text message and argues the text is a promise by CenterPoint to award Parnell Consultants the Arkansas/Oklahoma Contract if Parnell Consultants settled the Mississippi Litigation, that it was reasonable for CenterPoint to expect Parnell Consultants to rely on the promise, and that Parnell Consultants reasonably relied on the promise. Like its breach of contract claim, Parnell Consultants' reliance on the text message and the business relationship between the two parties is insufficient to demonstrate at the pleading state that CenterPoint promised to award Parnell Consultants the Arkansas/Oklahoma Contract if the Mississippi Litigation settled. Further, because promissory estoppel is only available "when formal contractual elements do not exist" and the Court has not dismissed Parnell Consultants' breach of contract claim, a finding of promissory estoppel would be inappropriate here. *Taylor v. George*, 212 S.W.3d 17, 25 (Ark. App. 2005).

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 16) for judgment on the pleadings is DENIED.

IT IS SO ORDERED this 17th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE