UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PARNELL CONSULTANTS,
INCORPORATED                                                                  PLAINTIFF

v.                                        No. 2:21-CV-02173

CENTERPOINT ENERGY
RESOURCES CORP. and
CENTERPOINT ENERGY SERVICE
COMPANY, LLC                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff Parnell Consultants, Incorporated's motion (Doc. 32) to dismiss without prejudice. Defendants CenterPoint Energy Resources Corp. and CenterPoint Energy Service Company, LLC filed a response (Doc. 33) in opposition. Plaintiff requests a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure because of Plaintiff's counsel's inability to meet expert disclosure deadlines due to COVID-19 infections. Defendants oppose the motion because the parties have completed a significant portion of discovery and Defendants have started drafting a motion for summary judgment. Alternatively, Defendants do not oppose dismissal with the following conditions:

If PCI refiles the case, then:

- PCI shall file the case in the same Court.
- The Court will assign to PCI all costs and fees previously incurred by the Defendants.
- All written discovery and depositions completed in the first action shall be binding on the parties in the refiled action. No duplicative discovery shall be permitted without leave of Court.
- Within 30 days of refiling, PCI shall serve full and complete responses to CenterPoint's Second Set of Interrogatories and Requests for Production (served June 14, 2022).
- Within 30 days of refiling, PCI shall serve a full and complete supplement to PCI's Initial Disclosures and to PCI's Responses to CenterPoint's First Set of

1

Interrogatories and Requests for Production, . . . to produce all documentation supporting PCI's theory of damages.

- Within 30 days of refiling, PCI shall serve its expert disclosures and reports.

(Doc. 33, pp. 9-10).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is designed to "prevent voluntary dismissals which unfairly affect the other side. Courts will generally grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) (quotations omitted). The Court looks to the following factors "(1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff exhibited 'excessive delay and lack of diligence' in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment." *Beaver v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)).

The Court finds that Plaintiff's request for dismissal without prejudice is proper. Although the parties have engaged in considerable discovery, the defendant has not filed a motion for summary judgment and trial is more than four months away. Because of the length before trial and Plaintiff's counsels' COVID-19 difficulties, the Court finds the factors weigh in favor of granting dismissal without prejudice. The Court also finds that it cannot place all the conditions on dismissal that Defendants request because the conditions would unfairly prejudice Plaintiff. The Court will require Plaintiff to pay any duplicative discovery costs and expenses Defendants incur if Plaintiff choses to refile.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 32) is GRANTED. Plaintiff's claims against Defendants are DISMISSED WITHOUT PREJUDICE. If Plaintiff choses to re-file these claims against Defendants, any duplicative discovery costs and expenses incurred by Defendants as a result of any such re-filing must be paid by Plaintiff. Judgment will be entered separately.

IT IS SO ORDERED this 12th day of July, 2022.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE